# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LIDIO MEY and MONICA MEY,                )
                                         )
                      Plaintiffs,        )        Case No.: 2:11-cv-01804-GMN-CWH
          vs.                            )
                                         )        **ORDER**
COUNTRYWIDE BANK, FSB; RECONTRUST        )
COMPANY, N.A.; MORTGAGE ELECTRONIC       )
REGISTRATION SYSTEMS, INC.; BAC HOME     )
LOANS, LP *formerly known as* COUNTRYWIDE )
HOME LOANS SERVICING, LP,                )
                                         )
                      Defendants.        )
_____)

Before the Court is the Motion to Certify Question (ECF No. 11) filed by Plaintiffs

Lidio Mey and Monica Mey, and the Motion to Dismiss (ECF No. 17) and Motion to Expunge

Lis Pendens (ECF No. 18) filed by Defendants Countrywide Bank, N.A., *formerly known as*

Countrywide Bank, FSB ("Countrywide"), Mortgage Electronic Registration Systems, Inc.

("MERS"), Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP

("BAC Home Loans"), and ReconTrust Company, N.A. ("ReconTrust") (collectively,

"Defendants").

## I.     BACKGROUND

Plaintiffs filed their Complaint before this Court, alleging seven causes of action against

Defendants and MTC Financial, Inc.: (1) wrongful foreclosure; (2) declaratory relief;

(3) violation(s) of Chapter 107; (4) unjust enrichment/promissory estoppel; (5) interference

with contractual relationship; (6) slander of title; and (7) injunction. (ECF No. 1.)  On January

3, 2012, the Court signed the parties' stipulation to dismiss MTC Financial. (ECF No. 14.)

In July 2007, Plaintiffs refinanced their original loan on the property, and signed a loan

Note (Ex. 1 to Compl.) secured by Deed of Trust No. 20070731-0005102 (Ex. 2 to Compl.) on the property.  Defendant Countrywide Bank, FSB, was the Lender on the Note and the Deed of Trust.  On the Deed of Trust, Defendant ReconTrust was the Trustee, and Defendant MERS was named as the beneficiary "solely as a nominee for Lender and Lender's successors and assigns." (Ex. 2 to Compl.)

On September 23, 2009, a Notice of Default and Election to Sell (Ex. 4 to Compl.) was filed in relation to the Deed of Trust on the property, No. 20070731-0005102 (Ex. 2 to Compl.). The Notice of Default was filed by "MTC Financial, Inc., dba Trustee Corps" as agent for "BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP."  On March 1, 2011, an Assignment of Deed of Trust ("Assignment") was recorded by Defendant MERS, transferring the beneficial interest in the Deed of Trust No. 20070731-0005102 to "BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP." (Ex. 7 to Compl.) The Assignment was dated February 16, 2011. (*Id*.)

Prior to the initiation of this action, Plaintiffs apparently previously filed suit in state court related to the instant property, located at 718 Breezy Ridge Dr., Henderson, Nevada, 89002, APN #: 179-29-515-022 ("the property"). (*See* Order on Mot. to Dismiss, Ex. H to Defs.' Mot. to Dismiss, ECF No. 22; Pls.' Opp. to Mot. to Dismiss, ECF No. 24.)  However, neither party attaches documents from that state court case other than the sole Order on Motion to Dismiss. (*See id.*)

## II.   <u>DISCUSSION</u>

As discussed below, the Court finds good cause to grant Defendants' Motion to Dismiss, and will give Plaintiffs leave to amend their Complaint, if they can do so consistent with this Order.  Furthermore, Defendants' Motion to Expunge Lis Pendens will be denied without prejudice, and Plaintiffs' Motion to Certify Question will be denied.

/ / /

### A.   Motion to Dismiss

The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted, and have failed to plead facts showing that violations are plausible, not just possible. Accordingly, Plaintiffs' Complaint will be dismissed without prejudice, with leave to amend pursuant to this Order.

### 1.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

 "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,

"documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### 2. Analysis

Because neither party has attached the documents from the prior state court action, the Court cannot determine the extent to which Plaintiffs' claims are barred by res judicata or claim preclusion. Accordingly, the Court will analyze Plaintiffs' causes of action pursuant to the applicable pleading standard.

#### a. Wrongful foreclosure

Plaintiffs allege that at the time Defendants recorded the Notice of Default, "there was no breach of condition or failure of performance existing on Plaintiffs' part that would have authorized these foreclosing Defendants exercise of the power of sale." (Compl., 6:¶30.)

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).

Here, although Plaintiffs allege that the Notice of Default fails to state the exact amount they were in default, Plaintiffs do not allege that they were current in their loan payments. Plaintiffs' allegation that "there was no breach of condition . . ." is not sufficient alone to allege that they were current in their loan payments.  Without such an allegation, the Court finds that Plaintiffs have failed to allege sufficient facts to show that a violation on Defendants' part is plausible, not just possible.  Accordingly, this cause of action must fail.  Plaintiffs are given leave to amend this cause of action if they can allege that they were current in their loan payments.

### b.    Violation(s) of Chapter 107

Plaintiffs allege that the "Notice of Default recorded against the Plaintiffs' property does not 'describe the deficiency in performance or payment . . .'" in violation of Nevada Revised Statutes 107.080, and that Defendants violated Nevada Revised Statutes 107.085 by failing to attach a copy of the promissory note to the Notice of Trustee's Sale. (Compl., 7:¶39.)  Here, Plaintiffs do not allege that there has been any exercise of a power of sale, which is what this section of the statute prohibits.  Accordingly, and particularly since the remedy for such a cause of action is voiding of the sale, Plaintiffs have not stated a legally cognizable claim, and this cause of action must be dismissed.  Plaintiffs are given leave to amend this cause of action if they can allege that Defendants have violated this section of the statute by exercising a power of sale.

/ / /

### c. *Unjust enrichment / promissory estoppel and Interference with contractual relationship*

Plaintiffs allege that "[t]here exists a valid contract between Plaintiffs and Defendant Countrywide Bank, FSB," and that Defendants MERS, ReconTrust, and BAC Home Loans "committed intentional acts intended to or designed to disrupt Plaintiffs' contractual relationship" by transferring or assigning Defendant Countrywide Bank, FSB's beneficial interest in the loan Note. (Compl., 9:¶¶50-52.)

Plaintiffs also allege that they "did not have an express contract" with Defendants MERS or BAC Home Loans and that these defendants were unjustly enriched because they received mortgage payments to which they were not entitled because they were not the holders of the loan note. (Compl., 8:¶¶44-45.)

In the Complaint, Plaintiffs attach a copy of the Assignment of Deed of Trust that was dated February 16, 2011, and recorded March 1, 2011. (Assignment, Ex. 7 to Compl.)  The Assignment names MERS as the authorizing beneficiary. (*Id*.)  The first page of the Loan Note submitted by Plaintiffs includes the sentences: "I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Ex. 1 to Compl.)  In the Deed of Trust submitted by Plaintiffs, under the title, "Transfer of Rights in the Property," the beneficiary is named as "MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." (Ex. 2 to Compl.)

A defendant's breach of its own contract with a plaintiff is not a tort recognized in Nevada. *Bartsas Realty, Inc. v. Nash*, 402 P.2d 650, 651 (Nev. 1965).  "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus the doctrine of

unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

From the documents submitted by Plaintiffs, the Court finds no showing to contradict Defendants' argument that "no defendant interfered with any contract to which it was not a party" (Mot. Dismiss, 13:26-27) and therefore cannot find that Plaintiffs' allegations are plausible as to these causes of action.  Accordingly, these causes of action must be dismissed. Plaintiffs are given leave to amend these causes of action if they can allege facts supporting the claim that Defendants are not parties to Plaintiffs' contractual relationship with Countrywide Bank, FSB.

### d.    Slander of title

Plaintiffs allege that the Notice of Default recorded on September 23, 2009 disparaged Plaintiffs' title to their home and was a false and malicious communication by Defendants Countrywide, ReconTrust, MERS, and BAC Home Loans, acting "in reckless disregard of the truth or falsity of the statements in the Notice of Default. (Compl., 10:¶56-59 – 11:¶60-61.) However, as discussed above, Plaintiffs have failed to state a valid claim as to any alleged violations relating to the Notice of Default.  Accordingly, this cause of action must be dismissed, with leave to amend if Plaintiffs can allege a false statement in the Notice of Default.

### e.    Requests for declaratory relief and injunction

Plaintiffs' second and seventh causes of action are remedies premised upon success in establishing the allegations in the Complaint.  As discussed above, the Court finds that Plaintiffs have failed to state a legally cognizable claim against Defendants.  Accordingly, Plaintiffs' causes of action for declaratory relief and injunction cannot be granted, and are dismissed as causes of action.

**B.**     **Motion to Certify Question**

Plaintiffs request that the Court certify the following question to the Nevada Supreme Court:

> In a nonjudicial foreclosure in Nevada, must a party seeking to enforce a note secured by a deed of trust first produce the original endorsed note and an assignment demonstrating a right to payment?

(Pls.' Mot. to Cert. Question, 5:24-27, ECF No. 11.)

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.[1]

Here, and as discussed above, the Court finds that Plaintiffs' proposed question is not determinative of Plaintiffs' claims.  Therefore, the Motion to Certify Question (ECF No. 11) will be denied.

---

[1] Nevada Rule of Appellate Procedure 5, "Certification of Questions of Law," provides, in part:

(a) Power to Answer.  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
(b) Method of Invoking.  This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
(c) Contents of Certification Order.  A certification order shall set forth:
    (1)  The questions of law to be answered;
    (2)  A statement of all facts relevant to the questions certified;
    (3)  The nature of the controversy in which the questions arose;
    (4)  A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
    (5)  The names and addresses of counsel for the appellant and respondent; and
    (6)  Any other matters that the certifying court deems relevant to a determination of the questions certified.

III.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Certify Question (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 17) is **GRANTED.** Plaintiffs' Complaint is **DISMISSED without prejudice**, as stated in this Order.  Any amendment to the Complaint must be filed by **Thursday, March 14, 2013**.  Failure to do so by this date **will result in dismissal of the action with prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (ECF No. 18) is **DENIED** without prejudice.

**DATED** this 28th day of February, 2013.

_____
Gloria M. Navarro
United States District Judge